JACOB SCHOLLINGER CONKLIN *v.* GEORGE G. KIRK and another.

APPEAL from the City Court of New Orleans, *Cooley, J.*

This case was submitted, without argument, by *Conklin, pro se,* and *Haynes,* for the appellant.

SIMON, J. An execution, issued at the suit of the defendant Kirk, against John Kellar, was levied on the 13th of September, 1841, by the marshal of the City Court, on certain household effects and furniture, as the property of Kellar, in a house then rented and occupied by the plaintiff, but which had been previously occupied by Kellar.

Plaintiff obtained an injunction to stop the sale of the property seized, on the ground that it belonged to him at the time of the seizure, he having purchased it, or a part thereof, from John Kellar, on the 8th of August preceding, for a good and valuable consideration. He prayed that the property might be adjudged to belong to him, and for judgment against the marshal, and Kirk, for the sum of two hundred dollars damages.

The marshal joined issue by pleading a general denial, and averring that he was in good faith when he made the seizure, and that previous to levying the execution, he took an indemnity bond from Kirk, with certain persons as his securities, whom he prayed might be cited in warranty.

The defendant Kirk, also pleaded the general issue, and further averred that, if any sale was made of the property seized, by Kellar to the plaintiff, it was fraudulent.

After a full investigation of the facts adduced by both parties in support of their respective pretensions, the inferior judge came to the conclusion that the property in dispute really belonged to the plaintiff, and made the injunction obtained by him perpetual. From this judgment, the defendant Kirk has appealed.[*]

The evidence shows that on the 8th of August, 1841, Kellar sold to the plaintiff, by an act under private signature, certain articles of household furniture which are comprised among those seized by the marshal. The consideration is therein stated to consist in the amount of two drafts which had been accepted but not paid, and which had been given in settlement for professional services; and in another sum due for professional services, rendered by the plaintiff, who is an attorney at law, to John Kellar, his client, at different times and in divers law suits. It appears that the plaintiff took immediate possession of the articles sold; that on the day of the purchase, he rented the house in which they were left by Kellar, who was the former tenant; that plaintiff brought there other effects and furniture, which he had at his former residence; that he continued to live there, and remained in possession of all the household effects and furniture, subsequently seized by the marshal; and that when the execution was levied and the inventory made, the marshal found the plaintiff in possession of the house. The deputy marshal, who made the seizure, being examined as a witness, states that, among other things, he saw a table and *armoire*, with books on the table and in the *armoire*, marked *Conklin*.

The defendant has also attempted to show that Kellar was at the time of the sale in insolvent circumstances to the knowledge of the plaintiff, and that the sale under consideration should be revoked and set aside, as giving an undue preference to the plaintiff over the other creditors of Kellar, and as being a fraud on the said creditors. This point is not presented at all by the pleadings, and perhaps should have been disregarded below; but even supposing that it could have been taken into consideration, we think, with

[*] No damages were allowed.

the judge *a quo,* that the defendant has entirely failed to make out Kellar's insolvency, or to prove any of the facts necessary to be adduced in support of the revocatory action by which he tried to establish his defence. Kellar was not insolvent. Nothing shows the amount of his debts. On the contrary, his solvency appears to have been established by all the witnesses, but one, who was examined at the request of the defendant, and whose testimony the lower judge found so inconsistent and contradictory, that he thought it to be entitled to very little weight. This evidence, we also think, was very properly disregarded.

On the whole, we are of opinion that the judgment appealed from is correct. The date of the sale is sufficiently established by all the surrounding circumstances ; and as this case presents merely a question of fact for our solution, were it left doubtful, we should not consider ourselves authorized to disturb a judgment which was rendered after the case had undergone the fullest and most minute investigation. We are satisfied, however, that the facts support the plaintiff's demand, and that the defendant has failed to make out his defence,

*Judgment affirmed,*